IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFERIES LLC, | : | Civil Action No.: 1:19-cv-3147 |
| | : | |
| Plaintiff/Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| JON A. GEGENHEIMER | : | |
| | : | |
| Defendant/Respondent. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD

Jefferies LLC files this Memorandum of Law in support of its Motion to Confirm Arbitration Award. Jefferies respectfully requests that this Court confirm the arbitration award (the "Award") of the panel in the FINRA Dispute Resolution, Inc. arbitration captioned *Jefferies LLC v. Jon A. Gegenheimer*, FINRA Case No. 16-02461 (the "Arbitration").

I.     **INTRODUCTION**

On May 18, 2016, Jefferies and Jon A. Gegenheimer executed an employment agreement (the "Agreement"). Under the terms of the Agreement, Jefferies agreed to provide and hold open for Gegenheimer a lucrative position as a managing director in its Investment Banking division, and Gegenheimer agreed to join Jefferies on or before August 17, 2016. Gegenheimer further agreed that, if he failed to commence employment with Jefferies at that agreed-upon time, he would pay Jefferies liquidated damages in the amount of $1,000,000. Gegenheimer also agreed to pay Jefferies' attorneys' fees and costs if Jefferies prevailed in an action to enforce its rights under the Agreement. Gegenheimer subsequently reneged on his promises and informed

Jefferies that he would not join Jefferies as agreed, but instead would remain with his then-current employer, Credit Suisse. Indeed, Gegenheimer did not commence employment with Jefferies by August 17, 2016. In failing to do so, Gegenheimer breached the Agreement and triggered the liquidated damages provision. As a result, Jefferies commenced an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA").

The parties have now concluded that arbitration, and a panel of three FINRA arbitrators has made a unanimous decision. Specifically, the Panel issued the Award, which states in relevant part:

> After considering the pleadings, the testimony and evidence presented during Parts One and Two of the Hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Gegenheimer is liable for and shall pay to Jefferies the amount of $1,000,000.00 in liquidated damages, pursuant to Section V.B of the Agreement.
>
> 2. Gegenheimer is liable for and shall pay to Jefferies the amount of $483,245.36 in costs and reasonable attorneys' fees, pursuant to Section III.C of the Agreement.
>
> 3. Gegenheimer's counterclaims are denied in their entirety.
>
> 4. Any and all claims for relief not specifically addressed herein, including Gegenheimer's requests for attorneys' fees and punitive damages, are denied.
>
> 5. The arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature.

("Award," attached as Exhibit A to Shapren Declaration, at pp. 14 and 15). Pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Jefferies now moves this Court to confirm the Award; and further award Jefferies costs incurred in connection with proceedings to confirm the Award,

and such costs to include reasonable attorneys' fees; pre-judgment and post-judgment interest; and such other relief as the Court finds just and proper.

## II.     FACTS

### A.     Gegenheimer Signs, and then Breaches, His Agreement with Jefferies.

Jefferies is a financial-services firm that maintains a global investment banking practice. Gegenheimer is an experienced investment banker specializing in mergers and acquisitions in the technology sector. Gegenheimer was employed by Credit Suisse at all relevant times.

Jefferies and Gegenheimer executed an employment agreement on May 18, 2016. *See* Ex. B to Shapren Declaration. Gegenheimer was represented by counsel with respect to the Agreement. Because Gegenheimer's contract with Credit Suisse contained a notice or "garden leave" requirement, the Agreement required Jefferies to hold the position open for Gegenheimer for 90 days and required Gegenheimer to join Jefferies on or before August 17, 2016. The Agreement also included a liquidated damages provision. *Id.* at ¶ V.B. The provision in the Agreement provides, in relevant part, if Gegenheimer "fail[ed] to commence employment [with Jefferies] by August 17, 2016," he agreed "to pay Jefferies $1,000,000 as liquidated damages …, which represent only an approximation of a portion of the anticipated loss created by such a violation." *Id.* Gegenheimer further agreed to pay "all costs associated with the collection by Jefferies of its rights under this Agreement, including reasonable attorneys' fees, provided Jefferies is the prevailing party in such enforcement action." *Id.* at ¶ III.C.

Gegenheimer failed to join Jefferies as agreed. In reneging on his agreement to join Jefferies, Gegenheimer breached the Agreement and triggered the liquidated damages provision.

  **B.** **The Parties Submit Their Dispute Regarding Gegenheimer's Breach of the Agreement to FINRA Arbitration.**

Despite his contractual obligation to do so, Gegenheimer refused to satisfy Jefferies demand for payment of the liquidated damages provided for in the Agreement. Accordingly, on August 19, 2016, Jefferies initiated FINRA arbitration proceedings by filing a Statement of Claim against Gegenheimer. In its Statement of Claim, Jefferies asserted a single cause of action against Gegenheimer for breach of contract. With respect to remedies, Jefferies asked the Panel to enforce the liquidated damages provision and award the liquidated damages in the amount of $1,000,000. Jefferies also requested actual compensatory damages, but only if the liquidated damages clause is not enforced. Lastly, Jefferies sought an award of attorneys' fees and costs. In response to the Statement of Claim, Gegenheimer filed an Answer and Counterclaims in which he asserted denials, defenses, and counterclaims.

  **C.** **The Arbitration Proceeding**

The arbitration proceeded to a hearing before a panel of three duly appointed arbitrators: Lawrence R. Mills, A. James Oakes, and Minnie Loo (collectively, the "Panel"). By agreement of the parties, the arbitration proceeded in a bifurcated fashion. The arbitration hearing on the first phase of the case took place on January 24, 2018 in San Francisco, California. The second part of the hearing was conducted on January 28–January 31, 2019 in San Francisco, California.

  **D.** **The Award**

On April 8, 2019, FINRA served the Panel's Award on the parties. The Award states in relevant part:

> After considering the pleadings, the testimony and evidence presented during Parts One and Two of the Hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

      1.      Gegenheimer is liable for and shall pay to Jefferies the amount of $1,000,000.00 in liquidated damages, pursuant to Section V.B of the Agreement.

      2.      Gegenheimer is liable for and shall pay to Jefferies the amount of $483,245.36 in costs and reasonable attorneys' fees, pursuant to Section III.C of the Agreement.

      3.      Gegenheimer's counterclaims are denied in their entirety.

      4.      Any and all claims for relief not specifically addressed herein, including Gegenheimer's requests for attorneys' fees and punitive damages, are denied.

      5.      The arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature.

Ex. A to Shapren Declaration at pp. 14-15.

### III. ARGUMENT

#### A. The Federal Arbitration Act Applies

Because the arbitration agreements at issue in this case are contracts evidencing a transaction involving commerce, the Federal Arbitration Act ("FAA") governs this motion to confirm the arbitration award. *See* 9 U.S.C. § 2. *See also E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (employment contracts, except for those covering workers engaged in transportation, are covered by the FAA); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 & n.2 (1991) (FAA applicable to arbitration clauses contained in securities industry regulation applications) (citations omitted).

#### B. The FAA Provides for Confirmation of the Award.

Section 9 of the FAA provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

> thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Jefferies' Motion satisfies all of the requisites of § 9 for confirming the Award. As explained more fully below, (i) the parties agreed that a judgment shall be entered upon the Award in any court of competent jurisdiction; (ii) the Award was issued on April 8, 2019, which is within the one-year time limitation set forth in the FAA; and (iii) the Award has not been vacated, modified, or corrected. Accordingly, the Court must confirm the Award.

    1.    <u>Gegenheimer and Jefferies Agreed to Arbitrate Their Dispute.</u>

Gegenheimer agreed to arbitrate the claims asserted by Jefferies in the Arbitration. First, the FINRA Rules required arbitration. As a FINRA Associated Person, Gegenheimer was obligated to arbitrate any dispute arising out of his business activities, including those arising out of his employment with Jefferies, a FINRA Member Firm. Specifically, FINRA Code of Arbitration Procedure Rule 13200(a) provides that:

> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
>
> • Members;
> • Members and Associated Persons; or
> • Associated Persons.

FINRA Rule 13200(a). The FINRA Code of Arbitration Procedure also provides that FINRA arbitration awards "may be entered as a judgment in any court of competent jurisdiction." FINRA Rules 13904(a).

Second, Gegenheimer agreed to arbitrate this dispute at the inception of this matter. Like Jefferies, Gegenheimer executed and filed a FINRA Arbitration Submission Agreement. A copy

of each of those executed agreements is attached as Exhibit C to the Declaration of Andrew J. Shapren.  The Uniform Submission Agreements state, in relevant part:

> 1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims, and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.
>
> 2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.
>
> 3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s).  The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.
>
> 4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

2. <u>Jefferies has Timely Moved to Confirm the Award .</u>

FINRA issued the Award on April 8, 2019.  Jefferies' motion to confirm is well within the one-year period that the FAA provides for seeking confirmation.

3. <u>The Award has not Been Vacated or Modified.</u>

There are no legal or factual grounds to vacate, modify, or correct the Award issued by the Panel.[1]  More to the point, the Award has not been vacated, modified, or corrected, and therefore must be confirmed.

C. **<u>Jefferies is Entitled to its Attorneys' Fees and Costs</u>**

Pursuant to the clear terms of the Agreement, Jefferies is entitled to its attorneys' fees and costs incurred in this matter.  The Agreement requires Gegenheimer to pay "all costs associated with the collection by Jefferies of its rights under this Agreement, including reasonable attorneys' fees, provided Jefferies is the prevailing party in such enforcement action."  *See* Exhibit B to Shapren Declaration at III, C.  New York courts enforce contractual agreements to pay attorneys' fees.  *RMP Capital Corp. v. Victory Jet, LLC*, 139 A.D.3d 836, 839, 32 N.Y.S.3d 231, 235 (N.Y. App. Div. 2016)("It is well settled in New York that a prevailing party may not recover attorneys' fees from the losing party <u>except where authorized by statute, *agreement* or court rule</u>.")(quotations and citation omitted)(emphasis added).

Jefferies has filed this Motion to collect sums owed to it under the Agreement and Jefferies has incurred attorney's fees and costs in connection with this Motion.  Thus, according to the Agreement, Jefferies is entitled to the reasonable attorney's fees and costs incurred in bringing the instant Motion.

IV. **<u>CONCLUSION</u>**

Jefferies has met all of the prerequisites for confirmation of the Arbitration Award and there exists no reason not to confirm it.  Accordingly, Jefferies respectfully requests that the Court:  (a) enter an order granting Jefferies' Motion to Confirm Arbitration Award and (b) enter

---

[1] Vacatur of an arbitration award is available only in the "vary narrow set of circumstances delineated by statute and case law . . . . all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators" *Kuruwa v. Turner Constr. Co.*, 645 F. App'x 9, 10 (2d Cir. 2016) (citations omitted).

a final judgment confirming the Award and awarding pre-judgment and post-judgment interest; costs incurred herein, including reasonable attorney's fees; and such other relief as the Court finds just and proper.

Respectfully submitted,

Dated:   April 9, 2019                             BUCHANAN INGERSOLL & ROONEY PC

*/s/  Michael D. Hall*
Michael D. Hall, Esq.
Andrew J. Shapren (PA I.D. 91142) (to be admitted *pro hac vice*)
640 5th Avenue, 9th Floor
New York, NY  10019-6102
Telephone:  (212) 440-4400
Facsimile:  (212) 440-4401

*Attorneys for Plaintiff/Movant Jefferies LLC*