UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
JEFFERIES LLC,

             Petitioner,

      - against –

JON A. GEGENHEIMER,

             Respondent.

------------------------------X

**MEMORANDUM AND ORDER**

19 Civ. 3147 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This action was brought by petitioner Jefferies LLC ("Jefferies") to confirm an award it obtained against Jon A. Gegenheimer ("Gegenheimer") in an arbitration before the Financial Industry Regulatory Authority ("FINRA"). The Court confirmed the award and denied Gegenheimer's motion to vacate in its Memorandum & Order of June 17, 2020, ECF No. 54 (the "June 17 Order"). Jefferies now seeks $533,680.95 in attorneys' fees and costs and pre- and post-judgment interest. For the following reasons, Jefferies' motion is granted in part.

## BACKGROUND

### 1.  History of This Case

The Court has fully detailed the background of this case in the June 17 Order and assumes familiarity with that decision. We state here only a brief recitation of those facts, including those necessary to resolve this motion.

Jefferies commenced an arbitration against Gegenheimer by

filing a claim with FINRA on August 19, 2016.  Pet. To Confirm Arb. ("Petition") (ECF No. 1) ¶ 10.  The arbitration arose out of a contract dispute between Jefferies and Gegenheimer, where Gegenheimer signed an agreement (the "Agreement"[1]) to join Jefferies as a Managing Director in its Investment Banking Division but subsequently advised Jefferies that he was rescinding the Agreement after securing a promotion at his then-current firm, Credit Suisse.  The arbitration largely centered around the enforceability of a liquidated damages clause (the "LD Clause") within the Agreement.  The arbitration panel concluded that the LD Clause was enforceable and further found that Gegenheimer had breached the Agreement and failed to establish any affirmative defenses.  It awarded Jefferies $1,000,000 in liquidated damages and, pursuant to the Agreement, an additional $483,245.36 in attorneys' fees and costs (the "Award").[2]

After FINRA issued its Award, Jefferies commenced this action on April 9, 2019, by filing the Petition along with a motion to confirm the Award.  ECF Nos. 1, 4.  On April 19, 2019, Gegenheimer filed his own petition to vacate the Award in the Northern District of California, Gegenheimer v. Jefferies LLC, Case No. 3:19 Civ.

---

[1]     A copy of the Agreement can be found at ECF No. 6-3.
[2]     It is highly doubtful whether the arbitral panel conducted any independent analysis of the reasonableness of these fees given that there was no difference between the fees that Jefferies had applied for and what the panel ultimately awarded.  ECF No. 88.  Accordingly, we do not consider this award of fees binding or precedential.

2086 (N.D.Ca.) (the "NDCA Action"), and on April 19, 2019, Gegenheimer filed a pre-motion letter addressing a proposed motion to stay, transfer or dismiss the action, arguing that the proper venue for resolving the Petition was the Northern District of California.  See ECF No. 12.  The Court granted Gegenheimer leave to make his motion, which was filed on May 24, 2019.  ECF No. 22. In addition to opposing Gegenheimer's motion, Jefferies cross-moved for a permanent injunction to enjoin Gegenheimer's litigation in the NDCA Action.

Meanwhile, parallel motion practice proceeded in the NDCA Action: Jefferies filed a motion to stay the NDCA Action, and Gegenheimer filed a motion to enjoin Jefferies from litigating the action before this Court.  Shortly after the parties' motions were fully briefed in this action, on July 23, 2019, Jefferies alerted the Court that Judge Chhabria had granted its motion to stay Gegenheimer's action in the Northern District of California.  See ECF No. 34.

The Court heard oral argument on Gegenheimer's motion on August 13, 2019.  See ECF No. 37.  At the conclusion of oral argument, the Court denied the motion from the bench on the grounds that (1) this action preceded Gegenheimer's action in the Northern District of California, and (2) the forum selection clause in the Agreement, which designates New York as the venue for dispute resolution, was enforceable.  See ECF Nos. 39, 40 at 14-17.  After

−3−

this, Gegenheimer filed a motion to vacate the Award on September 19, 2019, see ECF No. 42, and the Court heard oral argument on the parties' cross-motions on May 20, 2020.  See ECF No. 52.

We subsequently issued the June 17 Order, confirming the Award and denying Gegenheimer's motion to vacate.  In that order, we noted the significant deference afforded to an arbitration panel's decision.  See Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005) ("The arbitration decision must be confirmed if there is any basis for upholding the decision and if there is even a barely colorable justification for the outcome reached.") (internal quotation marks omitted).  We also noted that "a cursory review of Gegenheimer's arguments [to vacate the Award] reveals that he is by and large parroting the arguments that he raised in the arbitration," and proceeded to reject each argument in turn, which again largely centered around the enforceability of the LD Clause.[3]

## 2.  Jefferies' Motions for Attorneys' Fees

In the June 17 Order, the Court found that Jefferies, as the prevailing party in the action, was entitled to reasonable attorneys' fees under the Agreement and directed Jefferies to submit its application for fees and costs, supported by

---

[3]    The same day that the Court issued the June 17 Order, the Clerk of Court entered judgment confirming the Award pursuant to the June 17 Order (the "June 17 Judgment").

contemporaneous records.  Jefferies filed its original application on July 1, 2020.  ECF No. 57.  While the motion was pending, Gegenheimer appealed the July 17 Order to the Second Circuit, which ultimately affirmed this Court in a summary order dated June 3, 2021.  Jefferies LLC v. Gegenheimer, 849 F. App'x 16 (2d Cir. 2021).  On June 30, 2021, after the appeal, Jefferies filed a supplemental motion for fees, which now included the fees and costs that Jefferies had expended over the course of the appeal.  ECF No. 76.  Therefore, the Court asked for additional information to facilitate its review of Jefferies' application, and Jefferies provided such information on August 13, 2021 and August 18, 2021. ECF Nos. 86 and 88.

## LEGAL STANDARDS

"In federal practice[,] the general rule — known as the 'American Rule' — is that each party bears its own attorneys' fees."  McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1312 (2d Cir. 1993).  "However, parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law."  Id. at 1313.  "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d

Cir. 2008).  "Although awards of attorneys' fees typically fall within the Court's discretion, 'where a contract authorizes an award of attorneys' fees, such award becomes the rule rather than the exception.'"  Matsumura v. Benihana Nat. Corp., No. 06 Civ. 7609, 2014 WL 1553638, at *3 (S.D.N.Y. Apr. 17, 2014) (quoting McGuire, 1 F.3d at 1313).

"As a general matter of New York law . . . when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended . . . so long as those amounts are not unreasonable."  F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1263 (2d Cir. 1987). Nevertheless, the amount to be awarded "is within the discretion of the court."  Gamache v. Steinhaus, 776 N.Y.S.2d 310, 311 (N.Y. App. Div., 2d Dep't 2004).  Indeed, "[w]hen determining a fee award based upon a contractual attorneys' fees agreement between the parties, as in this lawsuit, courts have 'broad discretion' and need not follow a specific formula.'"  Clarendon Nat'l Ins. Co. v. Advance Underwriting Managers Agency, Inc., No. 06 Civ. 15361, 2011 WL 6153691, at *2 (S.D.N.Y. Dec. 8, 2011) (quoting U.S. Fidelity & Guar. Co. v. Baspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004)).  "As such, the Court need not pore over every hour and minute billed but only make adjustments for any unnecessary, unreasonable, or excessive fees."  Id.

**DISCUSSION**

**1. Attorneys' Fees**

Gegenheimer does not dispute that Jefferies is entitled to some amount of attorneys' fees under the Agreement, which provides that "[i]n the event of an action to enforce this Agreement, [Gegenheimer] will pay all costs associated with the enforcement by Jefferies of its rights under this Agreement, including reasonable attorneys' fees, provided that Jefferies is the prevailing party in such enforcement action." Agreement, § III.C. Gegenheimer does however object to the reasonableness of the fees requested by Jefferies.

**i. Reasonableness of Billing Rates**

"In calculating the presumptively reasonable fee, the first step is to determine the reasonable hourly rates." Grand v. Schwarz, No. 15 Civ. 8779, 2019 WL 624603, at *5 (S.D.N.Y. Feb. 14, 2019). Jefferies' requests provide for a blended rate of $383.96 for their lead attorneys at Buchanan Ingersoll & Rooney P.C. ("Buchanan"), which includes a 15% discount applied to Buchanan's bills, and a rate of $375 for Jefferies' local counsel in California, Sullwold & Hughes. ECF No. 86-5. Gegenheimer does not raise any specific objection to these hourly rates and, as the Court finds these rates reasonable, no further discussion on this element is necessary.

-7-

### ii.  Reasonableness of Hours Expended

"The Court must next determine the reasonableness of the number of hours billed." Grand, 2019 WL 624603 at *6.  "In assessing the reasonableness of the number of hours claimed, the Court must examine contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Id. (internal quotations omitted).  "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" Creighton v. Dominican Coll., No. C09-3983Z, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011) (quoting Quaratino v. Tiffany Co., 166 F.3d 422, 425 (2d Cir. 1999)).  "The district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009).  The central question is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

At the outset, we acknowledge that Jefferies is free to pay to have its attorneys vigorously litigate on its behalf and leave no stone left unturned.  However, when it attempts to shift those costs onto its adversary, it may shift only those fees and costs that were reasonably expended over the course of the litigation.

-8-

Here, the time spent on litigation by Jefferies' attorneys is manifestly unreasonable.

Jefferies asks for $509,649.66 in total fees for 1,327.9 hours of work by its attorneys. ECF No. 86-5. That is on top of the $483,245.35 that Jefferies was awarded in fees and costs from the FINRA arbitral panel. Adding the $24,031.29 in costs that it seeks, Jefferies has spent $1,016,926.30 overall in litigation to obtain and confirm an award of $1,000,000 for Gegenheimer's breach of the Agreement. While we recognize that the outcome of this litigation may have implications beyond the four corners of this one case, the fact that its fees and costs are so disproportionate to the damages at stake is strong evidence that they are not completely reasonable.

That view is confirmed by a taking a closer look into the hours expended on several of the filings that Jefferies' attorneys prepared in this case. For instance, Buchanan billed 34.3 hours preparing a three-page letter in response to Gegenheimer's request for a pre-motion conference. ECF No. 86-1. A review of that letter does not reveal anything particularly noteworthy or technical about Jefferies' response that would justify spending over 10 hours per page. See ECF No. 13. No doubt a factor in the time spent on the letter was having five attorneys participate in its preparation – a fact true for many of Jefferies' papers. See Rai v. WB Imico Lexington Fee, LLC, No. 09 Civ. 9586, 2017 WL

-9-

1215004, at *11 (S.D.N.Y. Mar. 31, 2017) ("[A]ssigning numerous attorneys to a simple and straightforward matter presents a serious risk of inefficiency, duplication, and unnecessary billing.").

In another instance, Buchanan billed 363.3 hours drafting its brief in opposition to Gegenheimer's motion to vacate the award. ECF No. 86-1.  To put this into perspective, 363.3 hours amounts to a single attorney spending over <u>nine</u> standard 40-hour weeks on nothing except this one brief – a brief which comported with the Court's individual page limit of 25 pages.  <u>See</u> ECF No. 47.  This is simply not reasonable.  Here, the Court does not speak from conjecture but its own experience working from essentially the same record as counsel – <u>i.e.</u> the arbitral panel's Award – to draft the June 17 Order.  While we consider that 30-page memorandum and order well-researched and thorough, and devoted all the time necessary to produce such an order, the undersigned and her law clerk spent nowhere near the amount of time in its preparation that Buchanan purports to have spent on their brief.

Buchanan's expenditures are all the more perplexing given the duplicativeness of issues addressed to the courts here involved. Gegenheimer's motion to vacate the Award focused substantially on issues of the enforceability of the LD Clause – the same issues which were subjects of the FINRA arbitration and which were

extensively litigated in that forum.[4] Additionally, Buchanan
billed over 250 hours for parallel briefing before this Court and
the Northern District of California on the issue of forum selection
– an issue which this Court disposed of from the bench after oral
argument on well-established principles of the first-case-filed
doctrine and the enforceability of forum selection contractual
provisions.  See ECF Nos. 39, 40 at 14-17.

Given the above, a reduction to Jefferies' fee request is
justified.  Gegenheimer asks that we reduce Jefferies' requested
fees by 40% for those associated with its pre-appeal motion for
fees and 30% for those associated with its post-appeal supplemental
motion for fees.  Of course, Gegenheimer is far from blameless for
the inordinate expense of this litigation.  Gegenheimer chose to
aggressively challenge the Award of the arbitral panel even given
the panel's substantive written reasons for granting the Award and
knowing that this Court would be limited in its review of the Award
to "manifest disregard of the law" by the panel.  Westerbeke Corp.
v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 208 (2d Cir. 2002)
(internal citation omitted).  Moreover, Gegenheimer needlessly
complicated this litigation by filing a duplicative action in the
Northern District of California after Jefferies had already filed

---

[4]     This is likewise true for the appeal of the June 17 Order, for which
Jefferies' attorneys purport to have spent an additional 217 hours in
drafting its appellate brief and in preparing and presenting oral argument
before the Second Circuit.

its Petition to enforce the Award before this Court and further prolonged litigation by appealing the Court's June 17 Order, again knowing the deferential standard of review applied to the Award. Gegenheimer must bear the reasonable costs of these choices. Still, we find that an across-the-board 30% reduction to Jefferies attorneys' fees is warranted for a total fee award of $356,754.76.

### 2. Costs

Gegenheimer makes two objections regarding Jefferies' application for costs.  The first is that Jefferies is unable to recover for fees incurred from legal research databases.  The cases Gegenheimer cites, however, are largely inapplicable, and the prevailing rule in this Circuit is that research fees are recoverable where, as here, the prevailing party is entitled to "all costs . . . including reasonable attorneys' fees." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 369 F.3d 91, 98 (2d Cir. 2004) ("[I]n the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award. If [the law firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); Odeon Cap. Grp., LLC v. Ackerman, No. 16 Civ. 274, 2018 WL 1089749, at *5 (S.D.N.Y. Feb. 2, 2018) ("Westlaw charges incurred to access cases relevant to the instant dispute should be compensable, especially if the law firm has decided to shift those expenses to a paying client.").

We therefore reject Gegenheimer's first objection to costs.

Second, Gegenheimer objects to copying costs in connection with papers filed with the Second Circuit, arguing that only those copying costs listed in Jefferies' Verified Itemized Bill of Costs submitted to the Second Circuit are recoverable. Gegenheimer does not cite any authority for this proposition, and seeing as Jefferies is entitled to compensation for "all costs" under the Agreement, we see no reason to exclude additional costs associated with copying that were not included in the Verified Itemized Bill of Costs, particularly where Gegenheimer makes no attempt to argue that these additional costs were not necessary or reasonable.[5]

Jefferies is therefore entitled to the full amount of costs in its application: $24,031.29.

**3. Interest**

Lastly, the parties dispute the applicable rate of interest that should apply to this Court's judgment. Gegenheimer argues that the Court should apply the federal interest rate to both the post-Award period prior to the June 17 Judgment (the "Pre-Judgment Period") and the period following the June 17 Judgment (the "Post-

---

[5]     The one case Gegenheimer cites in support is inapposite as, in that case, the court declined to separately analyze the reasonableness of printing costs where the same costs were presented to the Second Circuit and the Second Circuit made a determination as to recoverable printing costs. See Genger v. Genger, No. 14 Civ. 05683, 2017 WL 9771814, at *8 (S.D.N.Y. May 22, 2017), report and recommendation adopted, No. 14 Civ. 5683, 2017 WL 9771807 (S.D.N.Y. May 30, 2017). Here, Jefferies is seeking recompense for costs not submitted to the Second Circuit.

Judgment Period"). Jefferies argues instead that we should apply New York's statutory interest rate of nine percent for both periods. Starting with the Pre-Judgment Period, Jefferies is entitled to New York's nine percent interest rate on the amount of the Award from the date of the Award to June 17, 2020 – when judgment was entered in this case. Gegenheimer only argues that we have the discretion to apply the federal interest rate and not the New York interest rate to this period, but this is incorrect. "FINRA Rules — which all parties agreed to abide by in submitting their dispute to arbitration - . . . provide that '[a]n award shall bear interest from the date of the award . . . [i]f the award is the subject of a motion to vacate which is denied. . . . Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered.'" Rubenstein v. Advanced Equities, Inc., No. 13 Civ. 1502, 2014 WL 1325738, at *19 (S.D.N.Y. Mar. 31, 2014) (quoting FINRA Rule 13904(j)).

However, Gegenheimer is correct that "under 28 U.S.C. § 1961, the federal post-judgment interest rate — not the [rate] set by the Award — must apply once the arbitral award has been reduced to a judgment." STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, No. 09 Civ. 1388, 2010 WL 11526887, at *2 (S.D.N.Y. Aug. 25, 2010), aff'd in part and vacated and remanded on other grounds, 648 F.3d 68 (2d Cir. 2011) (citing Carte Blanche (Singapore) Pte., Ltd. V. Carte Blanche Int'l, Ltd., 888 F.2d 260, 269–70 (2d

Cir. 1989)). This federal interest rate applies to the amount of the Award after the entry of the June 17 Judgment until the date of the amended judgment that shall issue in connection with this order, and likewise applies to the amount of the Award plus fees and costs after the amended judgment issues in connection with this order.

## CONCLUSION

For the foregoing reasons, Jefferies' motion for attorneys' fees is granted in part. The Clerk of Court is respectfully directed to enter an amended judgment in favor of Jefferies and against Gegenheimer for: (a) 1,483,245.36 in accordance with the terms of the Award; (b) pre-judgment interest at a rate of nine percent per annum on 1,483,245.36 from April 8, 2019 until June 17, 2020; (c) interest at the federal post-judgment interest rate on 1,483,245.36 from June 17, 2020 until the date of the amended judgment entered in accordance with this Order; (d) additional fees and costs in the amount of $380,786.05; and (e) interest at the federal post-judgment interest rate on the total award of 1,864,031.41 from the date of the amended judgment entered in accordance with this order.

The Clerk of Court is further respectfully directed to terminate the motions pending at ECF No. 68 and ECF No. 76 and to close the case.

**SO ORDERED.**

Dated:     New York, New York
           August 25, 2021

                                    _____
                                      NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

-16-